UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:05-CV-1591 ) |
| HUSCH & EPPENBERGER, LLC, | ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion for summary judgment. The Equal Employment Opportunity Commission has opposed the motion and defendant has replied. The Court will deny the motion for the reasons set forth below.

**I.     BACKGROUND**

Christa Romeo began her employment with Husch & Eppenberger ("Husch") on November 19, 2001 as a receptionist. In December 2002, Romeo was transferred to the position of Administrative Assistant to Husch's then Chief Information Officer, Muawiya Huneidi. Beginning in December 17, 2002, Romeo began keeping notes of behavior by Huneidi that she allegedly considered offensive. Approximately five months later, on May 12, 2003, Romeo complained to the firm's management about Huneidi's behavior. On August 12, 2003, Romeo tendered her resignation and quit effective Friday, August 15, 2003. Three weeks later, on September 11, 2003, Romeo filed a charge of discrimination with the EEOC, alleging that she was subjected to sexual harassment and retaliation during her employment with Husch. On October 1, 2003, the EOC sent Husch a Notice of the charge, indicating that no action was required by them at that time.

On June 3, 2004, the EEOC made its first request for information regarding Romeo's allegations. On August 11, 2004, the EEOC sent Husch a second request for information. On October 1, 2004, Huneidi involuntarily left his employment with Husch for reasons unrelated to Romeo's complaint or any allegations of sexual harassment. On December 17, 2004, Husch received a phone call from the EEOC's investigator requesting that it produce a number of employees for on-site interviews. The EEOC conducted the interviews on February 8, 2005.

On April 29, 2005, the EEOC issued a determination that Romeo was subjected to sexual harassment and retaliation by transferring her to a receptionist position after she complained about harassment. On September 29, 2005, the EEOC filed this lawsuit.

Husch now moves for summary judgment, arguing the EEOC's delay and the resulting prejudice to Husch warrants dismissal of the suit. In support, Husch submitted, *inter alia*, correspondence, EEOC documents, and affidavits. Husch argues because the EEOC took more than two years to file suit, it must defend a lawsuit involving events that occurred from December 2002 through August 2003. Husch argues that critical evidence, including an audiotape made by Romeo, has been lost, and that important witnesses are no longer available to it, thereby prejudicing the firm's ability to defend against the EEOC's claims. Husch claims there is no excuse for the inordinate delay, noting the EEOC (1) notified them of the charge in October 2003, but took no action to investigate the claims for more than nine months; (2) waited five more months before conducting initial on-site interviews; (3) delayed an additional two and a half months to reach a determination; and (4) waited more than five months to file suit.

Husch further argues it has been prejudiced because key evidence has been lost through no fault of the firm, i.e., a tape recording made by Romeo. Two key witnesses, Susan Hedges and

2

Muawiya Huneidi, have left the firm's employ and are no longer available to actively assist with Husch's defense.

The EEOC opposes the motion, contending there was no unreasonable delay because the EEOC conducted the investigation and conciliation and filed suit in two years. In support the EEOC submitted *inter alia,* correspondence and affidavits. The evidence showed the investigator conducted two interviews, including those of the charging party and her witness, prepared and served two requests for information, sent out questionnaires to witnesses, followed through on the questionnaire responses and interviewed six of defendant's managers. During that time, the investigator took one month's Family Medical Leave Act ("FMLA") leave. Conciliation lasted from April 29, 2005 until July 29, 2005, during which time the investigator forwarded a conciliation agreement to Husch and engaged in settlement negotiations with Romeo and Husch by telephone and by letter. The EEOC also maintains the investigation was lengthened by at least two months because of defendant's dilatory conduct. The EEOC argues the loss of the original audiotape, if prejudicial to either party, is prejudicial to the EEOC because the information contained on it supports its claim that Huneidi sexually harassed Romeo, and in any event, is lost to both parties.

As to the missing witnesses, the EEOC indicates it has located Hedges in Texas and that defendant can take Hedges' deposition and use it at trial if she refuses to appear to testify. The EEOC notes that Huneidi resides in Illinois, approximately twenty miles from St. Louis, and that he can be subpoenaed for a deposition as well as to testify at trial.

## II. DISCUSSION

The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the

3

information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Citrate, 477 U.S. 317, 322 (1986).

The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether the moving party has met its burden, all evidence and inferences are to be viewed in the light most favorable to the non-moving party. Johnson v. Enron Corp., 906 F.2d 1234, 1237 (8th Cir. 1990).

In EEOC v. Liberty Loan Corp., 584 F.2d 853, 856 (8th Cir. 1978), the Eight Circuit adopted the position taken by the Supreme Court, holding that in Title VII litigation a district court has discretionary equitable powers to dismiss the suit in the narrow situation where there has been an inordinate EEOC delay in filing suit and this delay has unduly prejudiced the position of the defendant. The issue now before the Court then is whether Husch has suffered unreasonable delay and prejudice as a matter of law. The Court concludes that it has not.

As to the first question, the Eighth Circuit was unwilling to rule that any set length of delay is per se unreasonable, but rather look to the facts of each case to determine reasonableness. Id. at 857. Here the EEOC conducted the investigation and conciliation and filed suit in two years. During that time the investigator conducted two interviews, including those of the charging party and her witness, prepared and served two requests for information, sent out questionnaires to witnesses, followed through on the questionnaire responses and interviewed six of defendant's managers.

4

During that time, the investigator took one month's FMLA leave. Conciliation lasted from April 29, 2005 until July 29, 2005, during which time the investigator forwarded a conciliation agreement to Husch and engaged in settlement negotiations with Romeo and Husch by telephone and by letter. On these facts, the Court concludes the EEOc did not cause an inordinate delay in filing suit.

As to the issue of prejudice, the Court disagrees that Husch has suffered undue prejudice. The loss of the original audiotape is lost to both parties. As to the missing witnesses, Husch can take Hedges' deposition and use it at trial if she refuses to appear to testify. Huneidi can be subpoenaed for a deposition as well as to testify at the trial of this action. Thus, for the foregoing reasons, the Court will deny Husch's motion for summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Husch & Eppenberger's motion for summary judgment is **DENIED.** (Doc. 11)

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 9th day of February, 2006.